# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:24-CV-00989-KDB-DCK

| | |
|---|---|
| CLAUDIA BROWN, | |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| AMAZON.COM SERVICES LLC AND AMAZON.COM, | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Indicative Ruling and Relief from Judgment (Doc. No. 94) and Motion for Temporary Stay of Proceedings. The Court has carefully considered these motions and the parties' briefs and exhibits. Because Plaintiff has not shown any evidence sufficient to overturn the Court's previous Orders dismissing this action pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3), the Court will **DENY** the Motion for Indicative Ruling and Relief from Judgment. Also, the Court will **DENY** the Motion to Stay because there are no further motions before the Court and this matter is on appeal.

## I.      LEGAL STANDARD

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion: "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994);

1

*Russe v. United States*, No. 1:20-CV-00092-MR-WCM, 2025 WL 1191593, at *2 (W.D.N.C. Mar. 11, 2025), *aff'd sub nom. Est. of Vickers v. United States*, No. 25-1514, 2026 WL 1209058 (4th Cir. May 4, 2026). If the moving party satisfies these elements, "the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981).

Rule 60(d)(3) permits a court to exercise its inherent equitable powers to obviate a final judgment for "fraud on the court." *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135–36 (4th Cir. 2014); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 245–46 (1944) (setting aside a fraudulently obtained ruling by finding that it was the product of one party's "deliberately planned and carefully executed scheme" that severely undermined the "integrity of the judicial process."). Ordinary cases of fraud do not suffice. *Id.* The wrong must be broader - a "wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society." *Hazel–Atlas*, 322 U.S. at 246. Thus, not only must "fraud on the court" involve an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not.

In sum, the scope of the fraud on the court doctrine "should be construed very narrowly," lest it entirely swallow up Rule 60(b)(3). *Great Coastal Express, Inc. v. International Brotherhood of Teamsters,* 675 F.2d 1349, 1354–55 (4th Cir.1982). Even the "perjury and fabricated evidence" present in *Great Coastal,* which were "reprehensible" and unquestionable "evils," were not adequate to permit relief as fraud on the court because "the legal system encourages and expects litigants to root them out as early as possible." *Id.* Instead, the doctrine is limited to situations such

2

as "bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Id.* at 1356; *Fox ex rel.*, 739 F.3d at 136.

## II.    FACTS AND PROCEDURAL HISTORY

On February 18, 2026, the Court entered an Order enforcing the parties' settlement agreement, which resolved this matter in accordance with the terms of that agreement. (Doc. No. 77.) The day following that Order, Plaintiff filed a Motion to Alter or Amend the Judgment and for Reconsideration of Order Enforcing Settlement Agreement (Doc. No. 79), as well as a Motion for Leave to File Corrected and Amended Supplemental Response, Declaration, and Email Exhibits (Doc. No. 80). The Court then denied Plaintiff's Motion to Alter or Amend the Judgment and for Reconsideration. (*See* Doc. No. 81.) ("The Court has carefully considered these motions . . . [h]owever, the Court's view of the merits of Plaintiff's arguments, as explained in its earlier Order (Doc. No. 77), has not changed."). Plaintiff subsequently appealed these Orders to the Fourth Circuit Court of Appeals, and her appeal remains pending. (Doc. No. 86.)

The pending motions were filed on June 12, 2026, and June 22, 2026. Both are ripe for the Court's ruling.

## III.    DISCUSSION

This is the third time these issues have been before the Court so it will not belabor its discussion of the lack of merit in Plaintiff's motion. In support of her Rule 60 motions and allegations of "fraud," Plaintiff contends that the Court has been "misled" into enforcing a "phantom" settlement that was "never signed," "expressly rejected" and "built upon a factual lie." Doc. No. 94 at 1. However, those contentions relate to the merits of the Court's initial ruling

enforcing the settlement agreement rather than new evidence of "fraud" by Defendants or any "fraud on the Court" sufficient to grant relief under Rule 60. Therefore, the Motion will be denied.

Finally, the Court will deny Plaintiff's stay motion. With the resolution of the Rule 60 motion,[1] there are no further pending motions and this matter is on appeal so there is no need for a stay of proceedings while Plaintiff is out of town.

## IV.     ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Indicative Ruling and Relief from Judgment (Doc. No. 94) and Motion for Temporary Stay of Proceedings (Doc. No. 95) are **DENIED**; and

2. The Clerk is directed to maintain this matter as closed pending appeal in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 8, 2026

Kenneth D. Bell
United States District Judge

---

[1] Plaintiff did not file a reply in support of her Rule 60 motion, perhaps because she was out of town. However, a reply brief would not have affected the Court's ruling. Indeed, the Court need not have considered Defendants' response to the Rule 60 motion, which clearly lacks merit as discussed above.